## INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. M. W. ROGERS.

### Decided January 12, 1910.

**1.—Carrier—Live Stock—Damages—Charge.**

A charge on the measure of damages against a carrier for default in the transportation of cattle does not authorize double recovery by giving as the measure of damages the difference between the market value at destination if transported with reasonable care and dispatch and that in the condition in which they were delivered, and also, as to two head which were lost, of their reasonable value.

**2.—Same—Error of Omission.**

A charge permitting recovery of the market value of live stock lost by a carrier, without specifying whether it meant value at point of shipment or of destination, erred only in omission, and was not ground for reversal in the absence of a request for more specific instruction.

**3.—Carrier—Connecting Lines—Presumption.**

If the presumption that injury to property transported over connecting lines was occasioned by the delivering rather than the initial carrier is one proper to be given in charge to the jury, which is questioned, error in refusal of a requested charge to that effect is rendered harmless by a verdict finding all the liability against the initial carrier and acquitting the connecting lines of responsibility.

Appeal from the County Court of Hays County. Tried below before Hon. Ed. R. Kone.

The trial court charged that measure of damages: "Will be the difference, if any, between the fair and reasonable market value of his said cattle at their destination in the condition in which they would have been, if transported and delivered at their destination with reasonable care and dispatch, and their market value in the condition in which they were at the time they did reach their destination. As to the two cattle which were lost, you will find for plaintiff their fair and reasonable market value."

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher,* for appellant.—The charge authorized the recovery of double damages for the two cattle lost in transit. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; St. Louis S. W. Ry. Co. v. Smith, 63 S. W., 1064; Texas Cent. Ry. Co. v. Brock, 88 Texas, 310; International & G. N. R. Co. v. Butcher, 98 Texas, 462; Houston & T. C. Ry. Co. v. Anglin, 86 S. W., 786.

The charge authorized the jury to consider the market value at Kyle or at the place where said cattle were lost or at Fort Worth, or at any other place they might see fit to look. International & G. N. R. Co. v. Young, 72 S. W., 68.

The presumption of injury was against the terminal carrier. Gulf,

C. & S. F. Ry. Co. v. Edloff, 89 Texas, 454; Texas & N. O. R. Co. v. Brown, 37 S. W., 785; Texas & P. Ry. Co. v. Adams, 78 Texas, 372.

*Will G. Barber* and *T. C. Johnson*, for appellee.

KEY, Associate Justice.—Appellee brought this suit against appellant and two other railway companies, seeking to recover damages alleged to have been caused by delay in the shipment of 120 head of beef cattle from Kyle to Ft. Worth, Texas.

The defendants answered by general demurrers and special exceptions, general denials and special pleas setting up the limitation of liability of each defendant to damages caused by its own negligence.

There was a jury trial which resulted in a judgment in favor of appellee against appellant for $403.85. The other two defendants were held not to be liable, and no judgment was rendered against them.

The first two assignments of error complain of the charge of the court in reference to the measure of damages, the contention being that it authorized a double recovery, and that as to the two head of cattle lost in transit, while the charge informed the jury that the measure of damage would be the market value of the two head of cattle, it did not specify market value at any particular place. Both objections are overruled. Considering the entire charge together, we do not think the jury could have understood it as authorizing a double recovery. As to the other objection, there is no positive error in the charge, and if it was not as specific as appellant desired, a more specific instruction should have been requested.

The third assignment complains of the action of the court in refusing a special charge to the effect that it was a presumption of law that the injury to the cattle was inflicted by the last carrier. It has been held that the presumption referred to is not one of law to be given in charge by the court. (Bibb v. Missouri, K. & T. Ry., 37 Texas Civ. App., 508, 84 S. W., 663.) But whatever may be the correct rule on that subject, we hold that no reversible error was committed in failing to so charge in this case. It is true, appellant was the initial carrier and the shipment was delivered at its destination by one of the other defendants, but the verdict of the jury finding appellant liable and that the other defendants were not liable, is equivalent to a specific finding that all the delay complained of occurred upon appellant's road. Therefore, if error was committed in refusing the requested instruction, the verdict renders such error harmless, because it, in effect, finds that the other carriers exercised proper care and diligence and that appellant alone caused all the delay complained of.

In view of the court's charge and of the special charges given at appellant's request, we hold that no error was committed in refusing to give the requested instructions referred to in the other two assignments.

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*